DISSENTING OPINION JUSTICE BAER I join Chief Justice Saylor’s well-reasoned Dissenting Opinion. I write separately to note that, in my view, the Majority unwisely discards this Court’s precedent which holds that inquiry into whether the General Assembly is satisfactorily providing “for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth” [1] presents a non-justiciable political question. E.g., Marrero ex rel. Tabalas v. Com., 559 Pa. 14, 739 A.2d 110 (1999). I emphasize that, ultimately, the Majority’s decision only allows Appellants’ constitutional claims to survive preliminary objections, and Appellants undeniably have to overcome a considerable burden to prove that the educational scheme adopted by the General Assembly fails to pass constitutional muster. See Bilbar Const. Co. v. Bd. of Adjustment of Easttown Twp., 393 Pa. 62, 141 A.2d 851, 855 (1958) (“The rule is well established that the burden of proving clearly and unmistakably the unconstitutionality of a legislative enactment is upon the person so asserting.”). Yet, by holding as it does, the Majority has placed the judiciary in the untenable role of second-guessing the General Assembly’s educational policy decisions. To be clear, I am empathetic to Appellants’ cause, as a quality public education system is vital. However, the phrase “thorough and efficient,” as it is used in the Education Clause, does not lend itself to a readily definable legal concept. Further, and perhaps more importantly, the judicial branch is ill-equipped to determine whether a particular educational scheme meets the disparate needs of the approximately 500 school districts in this Commonwealth. Indeed, I believe that the judiciary encroaches on the General Assembly’s policy and legislative roles by engaging in such determinations. Thus, to avoid intrusion on the separation of powers, these questions should be left exclusively to the General Assembly to consider. Finally, I find that the Majority’s decision has opened the door to the possibility of the judiciary being entangled in decades of protracted litigation over legislative policy decisions /regarding the Commonwealth’s educational system. Like the Chief Justice, I heed the warning of the Supreme Court of Nebraska: “The landscape is littered with courts that have, been bogged down in the. legal quicksand of continuous litigation and challenges to their states’ school funding systems.” Nebraska Coal. for Educ. Equity & Adequacy (Coal.) v. Heineman, 273 Neb. 531, 731 N.W.2d 164, 183 (2007). Rather than miring our courts in such quicksand, I would determine that we should abstain from addressing the political question as to whether the General Assembly is properly providing “for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth! J’ . PA. Const, art. Ill, § 14.